UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

LUIS M. YABRON,
and other similarly-situated individuals,

    Plaintiff,

v.

ADVANCE CLEANING GROUP, INC.
and EDDY MONTIEL, individually

    Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LUIS M. YABRON and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants ADVANCE CLEANING GROUP, INC. and EDDY MONTIEL individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. At all times Plaintiff LUIS M. YABRON was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ADVANCE CLEANING GROUP, INC., (hereinafter ADVANCE CLEANING) is a for-profit Florida Corporation doing business in Dade-County, within

    the jurisdiction of this Honorable Court. At all times, Defendant was and is engaged in interstate commerce.

4. Individual Defendant EDDY MONTIEL is the owner/president, and manager of ADVANCE CLEANING. This individual Defendant had operational control of the business and he is an employer within the meaning of 29 U.S.C. § 203(d).

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff LUIS M. YABRON to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

6. Corporate Defendant ADVANCE CLEANING provides maintenance and cleaning services to companies that provide hotel/hospitality services.

7. Defendant ADVANCE CLEANING employed Plaintiff LUIS M. YABRON from on or about July 18, 2015 through October 12, 2016, or more than 64 weeks.

8. Plaintiff was a full time, non-exempt employee who was hired to work as a cleaning employee of the night shift at the Fontainebleau Hotel located at 4441 Collins Avenue, Miami Beach.

9. During his time of employment with Defendants, Plaintiff had two different methods of payment. From July 18, 2015 to April 30, 2016 or 41 weeks, Plaintiff was paid $9.25 an hour; and from May 1, 2016 to October 12, 2016, or 23 weeks Plaintiff was paid a daily rate of $95.00.

10. Within the period from July 18, 2015 to April 30, 2016, (41 weeks) in which Plaintiff was an hourly employee, Plaintiff worked the night shift from 12:00 AM to 7:00 AM, 7 days

every week. Plaintiff did not take bona-fide lunch periods. Plaintiff worked consistently an average of 49 hours per week without being compensated for overtime hours at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was paid just for 40 hours.

11. Within the period from May 1, 2016 to October 12, 2016, (23 weeks) in which Plaintiff was paid a daily rate, Plaintiff worked the night shift from 12:00 AM to 7:00 AM, (7 hours), 7 days every week. Plaintiff worked a total of 49 hours weekly, without being compensated for overtime hours at the rate of not less than one and one half times the regular rate at which he was employed.

12. Defendants did not use any time keeping method, and did not record the real number of hours worked by Plaintiff and other similarly situated employees. Plaintiff was paid bi-weekly without any paystub providing basic information about wage rate, total number of hours worked etc.

13. Plaintiff was fired on or about October 12, 2016.

14. Plaintiff LUIS M. YABRON intends to recover unpaid overtime hours accumulated during his employment time with Defendants, liquidated damages and any other relief available by law.

15. The additional individuals who may join this action are Defendant's employees who in one or more weeks, worked in excess of forty (40) hours (overtime hours) on or after July 2015. but did not receive their overtime rate of pay for all of the overtime hours worked within such workweeks.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

16. Plaintiff LUIS M. YABRON re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. This action is brought by Plaintiff LUIS M. YABRON and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Corporate Defendant ADVANCE CLEANING provides maintenance and cleaning services to companies that provide hotel/hospitality services.

19. Defendant ADVANCE CLEANING employed Plaintiff LUIS M. YABRON from on or about July 18, 2015 through October 12, 2016, or more than 64 weeks.

20. Plaintiff was a full time, non-exempt employee who was hired to work as a cleaning employee of the night shift at the Fontainebleau Hotel located at 4441 Collins Avenue, Miami Beach.

21. Defendant ADVANCE CLEANING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides cleaning services to hotels and lodging services affecting interstate commerce through its business activities. At all time pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits

funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Defendant employs more than two employees directly engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

22. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff worked as a cleaning employee. Through his daily activities Plaintiff was engaged in activities which are closely related and directly essential to the production of goods/services for interstate commerce. Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

23. Defendant ADVANCE CLEANING employed Plaintiff LUIS M. YABRON from on or about July 18, 2015 through October 12, 2016, or more than 64 weeks.

24. Plaintiff was a full time, non-exempt employee who was hired as a cleaning employee of the night shift at the Fontainebleau Hotel located at 4441 Collins Avenue, Miami Beach.

25. During his time of employment with Defendant, Plaintiff had two different methods of payment. From July 18, 2015 to April 30, 2016 or 41 weeks, Plaintiff was paid $9.25 an hour; and from May 1, 2016 to October 12, 2016, or 23 weeks Plaintiff was paid a daily rate of $95.00.

26. Within the period from July 18, 2015 to April 30, 2016, (41 weeks) in which Plaintiff was an hourly employee, Plaintiff worked the night shift from 12:00 AM to 7:00 AM, 7 days every week. Plaintiff worked consistently an average of 49 hours per week without being

compensated for overtime hours at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was paid just for 40 hours.

27. Within the period from May 1, 2016 to October 12, 2016, (23 weeks) Plaintiff the night shift from 12:00 AM to 7:00 AM, (7 hours), 7 days every week, for a total of 49 hours weekly, without being compensated for overtime hours at the rate of not less than one and one half times the regular rate at which he was employed.

28. Plaintiff was employed performing the same or similar duties as that of those other similarly-situated employees, who Plaintiff observed worked overtime hours without overtime compensation.

29. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant.

30. Defendant did not use a time-keeping method, and did not maintain accurate and complete time records of hours worked by Plaintiff and other employees. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these are preliminary calculations that are based on a workweek of 49 hours weekly; after discovery, calculations will be adjusted properly.

    a. <u>Total amount of alleged unpaid wages</u>:

    Six Thousand Five Hundred Twenty-One Dollars and 49/100 ($6,521.49)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment:  64 weeks
    Relevant weeks: 64 weeks
    Average of total hours worked weekly: 49 hours

**1.- Period from July 18, 2015 to April 30, 2016**

Relevant weeks: 41 weeks
Total of hours worked weekly: 49 hours
Total of paid hours: 40 hours
Total unpaid overtime hours weekly: 9 O/T hours
Wage rate paid: $9.25 an hour x 1.5 = $13.87 O/T rate

$13.87 x 9 O/T hours= $124.83 weekly x 41 weeks= $5,118.03

**2.- Period from May 1, 2016 to October 12, 2016**

Relevant weeks: 23 weeks
Total of days worked weekly: 7 days
Total of hours worked weekly: 49 hours
Total O/T hours: 9 hours
Wage rate: $95.00 daily
Total days worked: 7 ($95.00 x 7 = $665.00)
Paid weekly: $665.00
$665.00: 49 hours weekly=$13.57 an hour: 2 = $6.78 half-time

$6.78 half-time x 9 O/T hours = $61.02 x 23 weeks= $1,403.46

Total 1 y 2 = $6,521.49

c. Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

32. At all times, the Employer/Defendant ADVANCE CLEANING, failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

34. Defendant ADVANCE CLEANING knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

35. At the times mentioned, individual Defendant EDDY MONTIEL was the General Manager of ADVANCE CLEANING. Individual Defendant EDDY MONTIEL had financial and operational control the Corporations, she determined Plaintiff's employment terms and conditions, and is jointly liable for Plaintiff's damages. Individual Defendant EDDY MONTIEL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Corporate Defendant in relation to its employees including Plaintiff and others similarly situated.

36. Defendants ADVANCE CLEANING and EDDY MONTIEL willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LUIS M. YABRON and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against the Defendants ADVANCE CLEANING and EDDY MONTIEL on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff LUIS M. YABRON actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff LUIS M. YABRON and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: December 15, 2016

>Respectfully submitted,
>
>By: **/s/ Zandro E. Palma**
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*