UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LUIS M. YABRON

    Plaintiff

v.

CIVIL ACTION NO.: 16-CV-25208/Moreno/O'Sullivan

ADVANCE CLEANING GROUP, INC.
and EDDY MONTIEL, individually

    Defendant

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made by Plaintiff, LUIS M. YABRON, and Defendants, ADVANCE CLEANING GROUP, INC., and EDDY MONTIEL, individually, and herein after collectively called ("Defendants").

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Southern District of Florida, Case No.: 16-CV-25208, for alleged Fair Labor Standards Act, 29 U.S.C. (§201-219) violations, against Defendants; and

WHEREAS, Defendants deny any wrongdoing and deny Plaintiff's claims; and

WHEREAS, Defendants shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, managers, supervisors, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or

entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendant, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include his heirs, successors, administrators, agents, assigns and attorneys, and any other Parties in interest and/or Representatives; and

WHEREAS, this Settlement Agreement and General Release is between Plaintiff and Defendants, and is hereinafter referred to as the "Agreement".

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendants to Plaintiff, and his heirs, successors, administrators, agents, assigns or attorneys, any other Parties in interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Plaintiff's Release.** Except for the obligations contained herein, Plaintiff does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendants and all its included entities listed above from any and all rights, obligations, charges, all causes of action, liens, wage and hour claims, wage and hour damages, wage and hour demands, relief, liabilities, equities, wage and hour actions and all causes of action for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, discrimination, commission, liquidated damages, compensatory or punitive damages, money, injuries, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff

against Defendants, for any and all claims against the Defendants including but not limited to:

A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, et seq.

B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage claims and any other charges or causes of action against the Defendants.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant, for any wage or other employment related claim arising or accruing before and through the effective date of this agreement, which he should not, this Agreement will be conclusive evidence that any such claims have been released.

3. **Dismissal of Civil Action.** Upon execution of this Agreement by all Parties, the Parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the Parties. The Parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Action. The Parties shall cause to be filed a Stipulation for Dismissal with prejudice of Plaintiff's pending claims against Defendants as set forth herein. The effectiveness of the Parties' Stipulation for Dismissal shall be conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of this settlement agreement.

4. **Settlement Payment.** As settlement for Plaintiff's claims referenced herein, Defendants agree to total payment in the amount of Six Thousand dollars ($6,000.00), to be dispersed within ten (10) days of approval from the Court of this settlement. Defendants will mail or deliver the settlement proceeds to The Law Office of Zandro E. Palma, P.A., 9100 South Dadeland Boulevard, Suite 1500, Miami, FL 33156 on or by Wednesday, March 1st, 2017. Plaintiff's counsel's shall hold all funds in the firm's Trust Account until the Court enters the Order approving the parties' settlement and dismissing the case with prejudice. Should the Court not approve the settlement, the money shall be returned to the Defendants and other options may be considered.

The settlement amounts are to be drafted as follows:

A. Check #1 to Plaintiff in the amount of One Thousand Five Hundred Dollars ($1,500.00), in consideration of alleged unpaid overtime wages or any other wages and alleged amount as liquidated damages. Plaintiff is responsible for paying taxes on said amount;

B. Check #2 to Defendant's attorney in the amount of Four Thousand Five Hundred Dollars ($4,500.00) for Attorney's Fees and Costs.

The portion attributable to Plaintiff's wages will be subject to 1099. The payment to Plaintiff's counsel is for statutory attorneys' fee and costs as provided for under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to Plaintiff's attorney is in full and final satisfaction of any and all claim for attorneys' fees under Fair

Labor Standards Act. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the Parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees to assume liability for any and all income tax which may be determined to be due in connection with the payment described herein.

5. **Not an Admission of Liability.** It is understood, agreed, and stipulated between the Parties that the consideration described herein is in complete and full accord, satisfaction, and discharge of disputed wage claims noted in the Complaint, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act, or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

6. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the Parties hereto regarding resolution of Plaintiff's claims for unpaid wages as set forth herein. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

7. Each of the Parties warrant to each other that each has full power, authority and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that he is the owner of the claims asserted and has not transferred or assigned them to any other person or employee, except as represented in this Agreement.

8. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the Parties have carefully read this Settlement Agreement and sign the same of their own free will.

9. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

10. This Release does not release Defendant's obligations under this agreement, nor does it exclude Plaintiff's Charge of Discrimination currently pending with the U.S. Equal Employment Opportunity Commission ("EEOC") filed against ~~Corina Perez employed at~~ Advance Cleaning Group, Inc. on or about February 15, 2017. Said claim is specifically carved out from this agreement. Otherwise, this is a general release from the Plaintiff to Defendants.

11. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court, Southern District of Florida, which shall retain jurisdiction to enforce this Agreement. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties herein. The Parties agree upon mandate from the court they will file the settlement agreement with the Clerk of Court.

12. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

13. As a material condition for this Agreement. The Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns perceived to have been had with the Defendants, their officers, employees (past or present) or businesses or give any information or make any statements which might tend to impute, disparage, defame, discredit or detract from the Defendants, its officers, employees (past or present) or businesses. Plaintiff shall not interfere with Defendants relationship with, or endeavor to entice away from the Defendants, any person who was or is an employee of Defendants. Plaintiff understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that Defendants would be irreparably harmed by the violation of this provision, and Plaintiff agrees that he will pay two thousand five

hundred dollars ($2,500.00) as liquidated damages for any proven breach of this agreement.

14. Defendants shall not directly or indirectly through a third party, disparage or denigrate Plaintiff. Defendants will not make any statement or take any action that is intended to disparage or denigrate Plaintiff. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will provide only dates of employment, and/or positions held, and/or rates of pay if requested.

15. Plaintiff agrees not to reapply to any of Defendants businesses and/or any affiliated businesses noted herein.

16. This agreement may be signed in counterparts; fax copies to be considered original.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

AGREED AND ACCEPTED this _02_ day of _MARZO_, 2017.

_LUIS MATIAS YABRON_
Plaintiff (print)

_____
Plaintiff (signature)

AGREED AND ACCEPTED this _28_ day of _February_, 2017.

_Eddy Montiel_
Defendants (print)

_Eddy Montiel_, individually
Defendants (signature)

Case No: 16-CV-25208
Pleading: Settlement Agreement as to Claims for Unpaid Wages
Florida Bar: 797900
Page 8 of 9

EM  2-28-17
Initials  Date

LY  03-02-17
Initials  Date

_Eddy_ [signature]
and on behalf of Defendants

[signature]
ANA M. FREXES, ESQUIRE
Attorney for Defendants

[signature]
ZANDRO E. PALMA, ESQUIRE
Attorney for Plaintiff

Case No: 16-CV-25208
Pleading: Settlement Agreement as to Claims for Unpaid Wages
Florida Bar: 797900
Page 9 of 9

_EM_  2-28-17
Initial  Date

_ZV_  03-02-17
Initials  Date